## BAUMGARTEN v. MAGONE, Collector.

*(Circuit Court, S. D. New York. January 28, 1890.)*

1. CUSTOMS DUTIES—PROPERTY SUBJECT TO DUTY—ANTIQUITIES.
   The provision in the free-list of the tariff act of March 3, 1883, for "cabinets of coins, medals, and all other collections of antiquities," does not cover ;antiquities which do not form a collection.

2. SAME—ANTIQUE LACES AND RUGS—CLASSIFICATION.
   Curtains made of lace, the product of the sixteenth and seventeenth centuries, and rugs, the product of the sixteenth century, imported at different times as articles of merchandise, are not exempt from duty by virtue of the provision in the free-list for "collection of antiquities," but are properly dutiable, under the provisions in the schedules for laces and rugs.

At Law. Action to recover duties.

In September, 1887, plaintiff imported two curtains five coverlets and one rug. Evidence was given upon the trial tending to show that the rug had been made in the sixteenth century, and that the curtains and coverlets were made of pieces of lace which had been produced in the sixteenth and seventeenth centuries. These articles were assessed for duty by the collector of the port under the appropriate provisions in the schedules for rugs and laces. The importer claimed them to be free of duty under the provision in the free-list of the act of March 3, 1883, for "cabinets of coins, medals, and all other collections of antiquities."

*Stephen G. Clarke,* for plaintiff.

*Edward Mitchell,* U. S. Atty., and *W. Wickham Smith,* Asst. U. S. Atty., for defendant.

LACOMBE, J. The paragraph of the free-list upon which plaintiff relied is No. 669: "Cabinets of coins, medals, and all other collections of antiquities." I know of no principle of law which will warrant the court in wiping out any word in that description which seems to have been

designed for an express purpose. The phrase "cabinets of coins" imports a distinct idea; so does the phrase "collections of antiquities." The latter imports a collection of articles where both the antiqueness of the individual articles and the circumstance that they are assembled together into a collection unite to make them attractive or useful or valuable or otherwise desirable. We can easily understand why congress might restrict the free-list to such cabinets and to such collections. There is no particular reason why a wealthy individual here who wishes to buy a single pair of lace curtains, of remote antiquity, to hang in his front parlor, should be allowed to import them free; but there might be very good reasons why any one who imported articles that had been brought together to illustrate an art, or an era, or anything else, the assemblage of which into a collection made them of value educationally or otherwise, might be allowed to import them free, even though he imported them for sale. A collection of that kind, if judiciously made, might be more readily salable as a collection than the individual components out of which it is made. At any rate, whatever may have operated on the mind of congress, or whatever may have been their intention, they do in fact use the words "collection of antiquities." I do not see that I can hold that that phrase correctly describes two rugs, or that it covers, as is claimed in this other case, half a dozen bed-spreads and two lace curtains. Neither of these importations is a collection gotten together for any particular purpose. The articles in each entry are grouped together by the mere accident of enumeration upon the same invoice. I am aware that in reaching this conclusion I am not in accord with Judge BLODGETT, of the circuit court of the northern district of Illinois, who seems to have held that a single picture painted by Raphael, or said to have been painted by Raphael, was entitled to pass free, as "an antiquity." *U. S.* v. *One Oil Painting*, 31 Fed. Rep. 881. The point raised here, however, does not seem to have been brought to his attention. I fail to see how a single antique article, or a mere chance aggregation of two or more antique articles, can fairly be held to be a "collection of antiquities," and for these reasons direct a verdict for the defendant.